1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                                   **DISTRICT OF NEVADA**

10

11   EDWARD T. FITZWATER, et al.,              )
                                               )
12                     Plaintiff(s),           )          Case No. 2:15-cv-00825-GMN-NJK
                                               )
     vs.                                       )          ORDER
13                                             )
     BANK OF AMERICA, N.A.,                    )          (Docket No. 13)
14                                             )
                       Defendant(s).           )
15   _____ )

16          Pending before the Court is Plaintiffs' motion to compel.  Docket No. 13.  Defendant filed

17   an response.  Docket No. 19.  No reply was filed.  *See* Docket.  The Court finds that this motion is

18   appropriately resolved without oral argument.  *See* Local Rule 78-2.

19   **I.      BACKGROUND**

20          On June 11, 2014, Plaintiffs filed suit in Clark County District Court alleging breach of

21   contract, breach of implied covenant of good faith and fair dealing, and fraud.  Docket No. 1-2.

22   These claims arise from the alleged actions of Defendant relating to a mortgage loan on Plaintiffs'

23   Las Vegas home.  *Id.*, at ¶¶ 1-10.  Defendant removed the action to federal court on May 1, 2015,

24   invoking diversity jurisdiction.  Docket No. 1.  On May 11, 2015, Plaintiffs filed the pending motion

25   to compel regarding discovery requests that were served prior to removal.  Docket No. 13.

26   **II.     ANALYSIS**

27          The Court's initial inquiry regarding a motion to compel is whether the movant made

28   adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a motion

1   to compel discovery "must include a certification that the movant has in good faith conferred or

2   attempted to confer" with the non-responsive party.  Similarly, Local Rule 26-7(b) provides that

3   "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto

4   certifying that, after personal consultation and sincere effort to do so, the parties have not been able

5   to resolve the matter without Court action."

6          The case law in this District is clear that "personal consultation" means the movant must

7   "personally engage in two-way communication with the nonresponding party to meaningfully discuss

8   each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master,*

9   *Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996).   This obligation

10  "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow

11  and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*,

12  151 F.R.D. 118, 120 (D. Nev.1993).  To meet this obligation, parties must "treat the informal

13  negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of

14  discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their

15  respective positions with the same candor, *specificity*, and support during the informal negotiations

16  as during the briefing of discovery motions." *Id*. (emphasis added).  "Only after all the cards have

17  been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses

18  of its position in light of all available information, can there be a 'sincere effort' to resolve the

19  matter." *Id.*  To ensure that parties comply with these requirements, movants must file certifications

20  that "accurately and specifically convey to the court who, where, how, and when the respective

21  parties attempted to personally resolve the discovery dispute." *Shuffle Master*, 170 F.R.D. at 170.

22         The Court has reviewed the certification of counsel.  Docket No. 13, Fitzwater Decl. at ¶¶ 6-

23  8.  The parties engaged in a telephonic conference on April 28, 2015.  *Id.*, at ¶¶ 6-7.  After that

24  telephonic conference on April 28, 2015, the case was removed to this Court.  Docket No. 1.  It

25  appears from the certification that when the parties met on April 28, 2015, for a meet and confer they

26  did not "personally engage in two-way communication with the nonresponding party to meaningfully

27  discuss *each contested discovery dispute* in a genuine effort to avoid judicial intervention." *Shuffle*

28  *Master*, 170 F.R.D. at 171-72 (emphasis added).  In its response, Defendant argues that "discovery

requests filed in state court before removal are no longer viable pursuant to the federal rules."

Docket No. 19, at 2. Defendant further asserts that Plaintiffs' motion to compel is premature because

the parties have not held a Rule 16(f) conference. *Id.*, at 2.   Notably, Plaintiffs' counsel's

certification does not state that the parties specifically addressed the status of discovery requests

served prior to removal.   The movant, therefore, has not certified that the parties engaged in an

adequate meet and confer for the purpose of this motion.[1]   Accordingly, the motion to compel

(Docket No. 13) is hereby **DENIED** without prejudice.

### III.    CONCLUSION

For the reasons discussed above, Plaintiffs' motion to compel (Docket No. 13) is hereby

**DENIED** without prejudice.   The parties are hereby **ORDERED** to engage in a Rule 26(f)

conference and submit a stipulated discovery plan no later than July 17, 2015.

IT IS SO ORDERED.

DATED: July 7, 2015

NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court also notes that Plaintiffs' counsel's certification states that the parties conducted a Nevada Rule of Civil Procedure 2.34 conference, rather than a Federal Rule of Civil Procedure 26(f) conference.