UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD T. FITZWATER, an individual; and KELLE FITZWATER, an individual,<br><br>            Plaintiff,<br><br>   vs.<br><br>BANK OF AMERICA, N.A., as successor in interest to BAC HOME LOANS SERVICING, LP; DOE Defendants I through X, inclusive; and ROE CORPORATIONS A through Z, inclusive,<br><br>            Defendants. | Case No.: 2:15-cv-0825-GMN-NJK<br><br>ORDER |

Pending before the Court are the Motion to Remand (ECF No. 7)[1] and the Motion for Attorney Fees (ECF No. 8) filed by Plaintiffs Edward T. Fitzwater and Kelle Fitzwater (collectively, "Plaintiffs"). Defendant Bank of America, N.A. ("BOA" or "Defendant") filed a Response in Opposition (ECF No. 15) to both motions. Plaintiffs did not file a Reply.

Also pending before the Court is the Motion for Preliminary Injunction (ECF No. 12) filed by Plaintiffs. BOA filed a Response in Opposition (ECF No. 18), and Plaintiffs did not file a Reply.

I. **BACKGROUND**

This case involves a dispute between Plaintiffs and BOA over a loan modification of the mortgage on Plaintiffs' Las Vegas home. According to the Complaint, Plaintiffs had previously sued BOA's predecessor over alleged "broken promises" related to the loan

---

[1] The Motion to Remand was initially incorrectly filed on the docket as ECF No. 5. Because the corrected filing located at ECF No. 7 is virtually identical, the first filed Motion to Remand (ECF No. 5) is denied as duplicative and moot.

modification and had settled the case for $5,000 cash and forgiveness of the first mortgage in exchange for taking title of the home. (Compl. ¶¶ 2–3, ECF No. 1-2). However, neither BOA nor its predecessor fulfilled their obligations under the settlement by taking title to the home and forgiving the mortgage, and this failure to fulfill the obligations of the settlement has damaged Plaintiffs' credit, prevented them from obtaining a new home, and caused Plaintiffs emotional hardship. (*Id.* ¶¶ 4–10).

Plaintiffs initiated the present action in Nevada state court on December 2, 2014, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud. (*Id.*). On March 9, 2015, the state court entered a TRO enjoining BOA from foreclosing on Plaintiffs' home, set a preliminary injunction hearing for May 11, 2015, and ordered the parties to meet and discuss a possible settlement. (Hafter Affidavit ¶ 11, ECF No. 7). According to Plaintiffs' counsel, during the settlement meeting on March 25, 2015, both parties' counsel discussed the possible damages in this case, including the loss of a tax liability waiver for mortgage forgiveness that was available at the time of settlement and is now no longer available. (*Id.* ¶¶ 15–17). Plaintiffs' counsel also allegedly informed Defendant's counsel that the tax liability at issue was in excess of $150,000. (*Id.* ¶¶ 17–18). According to Defendant's counsel, however, while various possibilities for resolution of the matter and their possible tax implications were discussed, neither counsel knew for certain at the time what the tax liability would be or even if there would be one. *See* (Resp. to Remand 5:7–7:4, ECF No. 15). Further, Defendant's counsel states that it was not until Defendant received Plaintiffs' settlement demand of $263,000 on April 17, 2015 that it had sufficient information and evidence of federal jurisdiction to remove the case. (*Id.* 1:18–2:10).

BOA subsequently filed a Notice of Removal (ECF No. 1) on May 1, 2015, 37 days after the March 25 meeting where damages were allegedly discussed and 14 days after BOA received Plaintiffs' settlement demand of $263,000.

## II. LEGAL STANDARD

### A. Remand Standard

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Additionally, 28 U.S.C. § 1446 requires a removing defendant asserting diversity jurisdiction to file the notice of removal within 30 days of receipt by the defendant of the initial pleading or, if the case stated by the initial pleading is not removable, within 30 days after

receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

### B. Preliminary Injunction Standard

Preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

### III.   DISCUSSION

### A. Motion to Remand

In the Motion to Remand, Plaintiff asserts that Defendant's counsel knew at least by the March 25, 2015 meeting that the amount in controversy in this case exceeded the minimum of $75,000 required for federal diversity jurisdiction. (Mot. to Remand 6:19–7:12, ECF No. 7). Therefore, Defendant's Notice of Removal filed 37 days later on May 1, 2015 did not comply with the 30-day requirement in 28 U.S.C. § 1446, and this case should be remanded. (*Id.*). The Court disagrees.

Pursuant to 28 U.S.C. § 1446, a defendant seeking removal to federal court must file the notice of removal within 30 days of receipt of the initial pleading or, if the case stated by the initial pleading is not removable, within 30 days after receipt of an amended pleading, motion,

order, or "other paper" from which defendant may first ascertain that the case is removable. When it is unclear from the face of pleadings whether the case is removable, the thirty-day clock is not trigger by the service of those pleadings. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("We join with the other circuits that have adopted the same approach to indeterminate pleadings—the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."). Furthermore, a defendant has no duty to investigate matters outside the complaint if the amount in controversy is unclear from the face of the complaint, and the 30-day deadline for removal does not begin at a time when the defendant may have subjectively known or could have known that the amount in controversy exceeded the jurisdictional amount through further inquiry. *Id.* at 694 ("We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

   Here, there is absolutely no indication on the Complaint that Plaintiffs are seeking damages for a tax liability caused by BOA's actions. *See generally* (Compl., ECF No. 1-2). Furthermore, nowhere in the Complaint do Plaintiffs indicate that they are seeking damages in excess of $75,000. (*Id.*). Accordingly, because the amount in controversy was not evident from the Complaint, the removal deadline in this case would have only begun to run when BOA received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also Harris*, 425 F.3d at 694 ("If no ground for removal is evident in that pleading, the case is 'not removable' at that stage.  In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper.").  However, Plaintiffs do not allege that any physical document or formal pleading—such as an amended

pleading, motion, or order—was exchanged at the March 25 meeting. Therefore, whether the 30-day limitations period ran prior to the filing of the Notice of Removal depends on whether the discussion between counsels on the potential tax liability constituted an "other paper."

Though Ninth Circuit has not provided a precise definition of "other paper," it has held that a settlement demand letter may trigger the 30-day timer. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974–75 (9th Cir. 2007). Therefore, some forms of settlement negotiations can constitute an "other paper." However, several district courts in the Ninth Circuit have previously found that oral communications, like the alleged discussions here, do not constitute "other papers." *See, e.g.*, *Mendoza v. OM Fin. Life Ins. Co.*, 2009 WL 1813964, at *5 (N.D. Cal. June 25, 2009) ("Oral communications . . . are generally insufficient to constitute 'other papers' and, therefore, to trigger the 30 day period."); *Molina v. Lexmark Int'l, Inc.*, 2008 WL 4447678, at *17 (C.D. Cal. Sept. 30, 2008) ("[T]he court concludes that Rudy's April 2008 communications with Liberatore, which appear to have been oral, do not constitute 'other paper' triggering Lexmark's obligation to remove."); *see also Smith v. Bally's Holiday*, 843 F.Supp. 1451 (N.D. Ga. 1994); *Thomas v. Ritter*, 1999 WL 1940047 (W.D.N.C. Feb.11, 1999). Furthermore, the plain meaning of the phrase "other paper" as well as its inclusion in a list of court documents indicate that "other paper" means some form of written communication. *See* 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within 30 days after receipt by the defendant . . . of *a copy* of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.") (emphasis added). Moreover, the language used by the Ninth Circuit in cases related to removal have also indicated that the phrase "other paper" in § 1446(b) contemplates some kind of communication in writing. *See, e.g.*, *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (Plaintiffs "need only provide to the defendant *a document* from which removability may be ascertained [in order to] trigger the thirty-day removal period, during which defendant must

either file a notice of removal or lose the right to remove.") (emphasis added and citation omitted); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) ("[W]e don't charge defendants with notice of removability until they've received *a paper* that gives them enough information to remove.") (emphasis added); *see also Rose v. Beverly Health & Rehab. Servs., Inc.*, 2006 WL 2067060, at *5 (E.D. Cal. July 22, 2006) ("Within the Ninth Circuit, the phrase 'other paper' has been interpreted as 'documents generated within the state court litigation. . . .'"). Additionally, the only exception to the written communication requirement Courts have found in this circuit appears to be where the oral communication was made under oath and subsequently reduced to writing. *See, e.g.*, *Riggs v. Cont'l Baking Co.*, 678 F.Supp. 236, 238 (N.D. Cal. 1988) (finding deposition testimony to provide notice of jurisdiction triggering the 30-day deadline in § 1446(b)).[2]

Here, the alleged "other paper" triggering the removal deadline was an oral settlement discussion between the parties' counsel, and there is no contention that the discussion was made under oath or reduced to writing. Therefore, the March 25, 2015 settlement discussions could not have triggered the 30-day deadline in § 1446(b). Accordingly, BOA's Notice of Removal was timely filed, and Plaintiffs' Motion to Remand is denied. Furthermore, because the basis for Plaintiffs' Motion for Attorney Fees was an improper removal which this Court has found to have been proper, that motion is also denied.

### B. Motion for Preliminary Injunction

In the Motion for Preliminary Injunction, Plaintiffs seek to establish the four elements for a preliminary injunction laid out in *Winter*: (1) likelihood of success on the merits, (2) irreparable harm, (3) balance of equities tips in Plaintiffs' favor, and (4) injunction is in the

---

[2] Any definition of "other paper" including oral communications that are not made under oath and otherwise recorded "would present enormous proof problems, and potentially require an evidentiary hearing on every notice of removal and motion for remand." *See Molina*, 2008 WL 4447678, at *17 (quoting *Thomas*, 1999 WL 1940047, at *2).

public interest." (PI Mot. 19:8–22:27, ECF No. 12).  However, without considering whether Plaintiffs have established the other three elements, Plaintiffs have at least failed to establish irreparable harm.

Plaintiffs' sole argument on irreparable harm is that they will be irreparably harmed if BOA is not enjoined from foreclosing on their home because the foreclosure will be on their credit records, damaging their credit. (*Id.* 21:23–22:3).  However, Plaintiffs do not explain how money damages would be insufficient to adequately compensate them for this harm, nor do Plaintiffs explain why, if the foreclosure is later determined to be wrongful, BOA could not simply remove the foreclosure from the credit reporting. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *Kersting v. United States*, 940 F.2d 1535 (9th Cir. 1991) (unpublished) (stating the same); *see also* 15 U.S.C. § 1681s-2(a)(2) (requiring furnishers of credit information to update and correct reporting upon receiving proper notice of a dispute).  Accordingly, Plaintiffs' Motion for Preliminary Injunction is denied.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motions to Remand (ECF Nos. 5 & 7) are **DENIED**.  Accordingly, Plaintiffs' Motion for Attorney Fees (ECF No. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction (ECF No. 12) is **DENIED**.

**DATED** this ___8___ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge